**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALKEET SINGH**, | : | **CIVIL ACTION NO. 1:11-CV-0950** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **ERIC HOLDER**, **ATTORNEY GENERAL**, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Malkeet Singh ("Singh"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the Pike County Prison, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on May 18, 2011. (Doc. 1). Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

## I. Background

Singh, a native and citizen of India, entered the United States as a visitor on October 6, 1998, at New York, New York. (Doc. 1, at 16.) He was convicted of multiple crimes including, Fraudulent Use of Credit Cards, which resulted in his placement in removal proceedings. (Id.) On August 14, 2006, he was granted

voluntary departure by an Immigration Judge ("IJ"). (Id.) He has filed "multiple appeals, motions, and/or petitions contesting the IJ's ruling; all have been either dismissed or denied." (Id.) According to Singh, his removal order, which was entered on June 3, 2010, became final on September 27, 2010, at the conclusion of his Bureau of Immigrations Appeal proceeding. (Doc. 1, at ¶ 23.)

ICE first reviewed his custody status on or about November 30, 2010, pursuant to review procedures found at 8 C.F.R. § 241.4. (Doc. 1, at 20.) ICE continued his detention because he presented a threat to society and it was not "clearly evident" that he would appear for removal as required. (Id.) He was further advised that if he was not released or removed from the United States by March 23, 2011, jurisdiction of the custody decision would be transferred to the Headquarters Post Order Detention Unit ("HQPDU"). (Id. at 21.)

He was neither released nor removed by March 23, 2011. Consequently, jurisdiction transferred to the Headquarters Case Management Unit ("HQCMU")[1] and a second custody review was conducted. On April 4, 2011, a decision to continue custody was issued and he was informed that his removal to India was expected to occur in the reasonably foreseeable future. (Doc. 1, at 16.) He was also

---

[1] The HQCMU is on the same administrative level and performs the same custody reviews as the Headquarters Post Order Detention Unit ("HQPDU"). See Tung Thanh Hoang v. Decker, Civil No. 3-CV-08-1748, 2008 WL 4793734, *3 (M.D.Pa. Oct. 31, 2008) (Vanaskie, J.).

informed that the decision "does not preclude him from bringing forth evidence in the future to demonstrate a good reason why [his] removal is unlikely." (Id.)

Singh filed the instant petition seeking relief from "continued unlawful detention." (Doc. 1, at 1.)

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & ( 6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the

3

federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the HQPDU or HQCMU for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU or HQCMU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In the matter *sub judice*, the presumptively reasonable six month period began running on September 27, 2010, the date Singh's removal order became administratively final. At the conclusion of the mandatory detention period, he was served with a written decision ordering his continued detention. The six month period has recently expired, and the matter has been transferred to the HQCMU. Although he recently received a custody review, it does not appear that he filed a written request for release with the HQCMU. Consequently, ICE will be ordered to treat this petition as a request for release under 8 C.F.R. §241.13.

An appropriate order accompanies this memorandum.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:    May 23, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALKEET SINGH**, | : | **CIVIL ACTION NO. 1:11-CV-0950** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **ERIC HOLDER, ATTORNEY GENERAL**, et al., | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 23rd day of May, 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The motion to proceed in forma pauperis (Doc. 3) is GRANTED.

2. The petition for writ of habeas corpus is DENIED.

3. As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. § 241.13. ICE shall provide petitioner with a response to his request within thirty days.

4. The motion to appoint counsel (Doc. 2) is DENIED.

5. The Clerk of Court is directed to CLOSE this case.


    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge